UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Barbara Gusmano,

  Plaintiff,

v.              Case No. 13-13208

Allstate Insurance Company,     Sean F. Cox
                United States District Court Judge

  Defendant.
_____/

**OPINION & ORDER
DISMISSING COUNT II OF FIRST AMENDED COMPLAINT
AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER
REMAINING STATE-LAW CLAIMS**

  This action was filed in Wayne County Circuit Court. Approximately eight months later, after Plaintiff amended her complaint to include a federal claim, the action was removed to this Court. The action is currently before the Court on the Defendant insurer's motion seeking to dismiss Count II of Plaintiff's First Amended Complaint, which asserts a claim for double damages under the Medicare Secondary Payer Act. In this motion, the Defendant insurer asserts that the Court must dismiss that count, under the Sixth Circuit's decision in *Bio-Medical*, because Plaintiff does not allege that it denied her claims due to her eligibility for Medicare. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, the Court shall: 1) grant the Defendant insurer's Motion to Dismiss and dismiss the count asserting a claim under the Medicare

1

Secondary Payer Act; and 2) after dismissing that sole federal claim, remand Plaintiff's remaining state-law claims to the Wayne County Circuit Court.

## BACKGROUND

Plaintiff Barbara Gusmano ("Plaintiff" or "Gusmano") filed suit against Defendant Allstate Insurance Company ("Defendant" or "Allstate") in Wayne County Circuit Court on or about November 30, 2012. Her original complaint asserted a breach of contract claim.

On July 8, 2013, however, Gusmano was granted leave to file a First Amended Complaint that asserts two counts against Allstate: "Right of Coverage and Reimbursement, Violation of the Michigan No-Fault Act and Breach of Contract" (Count I); and "Defendant's Liability and Recovery Under the Medicare Secondary Payor Act" (Count II). After Gusmano filed that First Amended Complaint, Allstate removed the action to this Court, based upon federal question jurisdiction over Count II.

Gusmano's First Amended Complaint alleges that on or about December 5, 2011, she was insured with Allstate "under the provisions of an automobile policy issued by [Allstate] that was then in effect in accordance with the provisions of MCLA 500.3101 et seq. (The Michigan No-Fault Act) and for which applicable insurance premiums were paid. The contract also included personal protection insurance coverage to [Gusmano]." (First Am. Compl. at ¶ 4). Gusmano alleges that, under the terms and conditions of the contract of insurance, Allstate "became obligated to pay certain expenses or losses in the event [she] sustained bodily injury or death in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle." (*Id*. at ¶ 8).

On or about December 5, 2011, Gusmano was a driver of a motor vehicle "that was

involved in an collision where [she] suffered accidental bodily injuries within the meaning of Defendant's policy of insurance and the statutory provisions of MCLA 500.3105." (*Id*. at ¶ 9). Gusmano alleges that Allstate "has refused to pay or is expected to refuse to pay [her] all personal protection insurance benefits in accordance with the applicable No-Fault contract provisions." (*Id*. at ¶ 13).

Count II, which is the count at issue in the pending motion, seeks to recover double damages under the Medicare Secondary Payer Act and alleges, in its entirety:

16. All paragraphs are incorporated by reference.
17. At all times herein alleged, [Gusmano] was over the age of 65, and eligible for coverage of medical care under the Federal Medicare program; notwithstanding that eligibility, Defendant Allstate was primary and in first priority for payment of all medical bills.
18. Plaintiff has received medical services and incurred substantial medical bills, which bills have been submitted to [Allstate] and denied, and thereafter, were submitted to and paid by Medicare.
19. Plaintiff now has a direct right to enforce the payment of all medical services paid by Medicare by Defendant Allstate, pursuant to the Medicare Secondary Payor Act ("MSPA"), 42 USC 1395y(b)(2)(B)(ii).
20. [Allstate] was the primary plan for payment of the no-fault costs asserted as due and owing herein, and had a responsibility under the Michigan No-Fault Act to make payment with respect to such services.
21. As a result of [Allstate's] denial of benefits, Plaintiff's medical providers have billed and received a conditional payment from Medicare, for which Defendant is liable for reimbursement pursuant to the MSPA.
22. Pursuant to the MSPA, Defendant remains liable for double damages, inasmuch as Defendant has refused to make reimbursement to the medical provider of its charges, and by its denial of further coverage, has refused to make reimbursement to Medicare, pursuant to 42 USC 1395y(b)(#3(A) [sic].

WHEREFORE Plaintiff demands Judgment in such amount as it [sic] is legally and equitable [sic] entitled to in an amount in excess of $25,000.00, costs, fees, penalties, and interest allowed under Michigan law, and double damages, interest, and all relief as may be allowed under the Medicare Secondary Payor Act.

(First Am. Compl. at 4-5). Notably, Gusmano's First Amended Complaint *does not allege that*

*Allstate denied her claims due to her Medicare eligibility.*

On August 2, 2013, Allstate filed the instant "Motion to Dismiss Count II of First Amended Complaint" (Docket Entry No. 3), pursuant to Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

In its Motion to Dismiss, Allstate asserts that the Court should dismiss Count II under *Bio-Medical Applications of Tennessee, Inc.*, 656 F.3d 277 (6th Cir. 2011)[1] because Gusmano has not alleged, and could not allege, that Allstate denied her claims due to her eligibility for Medicare.

In response, Gusmano asserts that she is not required to allege a violation of both 42 U.S.C. § 1395y(b)(1) and (2)(A) and that Allstate's reliance on *Bio-Medical*, and other decisions cited by Allstate, is misplaced.

This Court very recently addressed this very same argument in another case. *See Michigan Spine and Brain Surgeons, PLLC v. State Farm Mut. Auto. Ins. Co.,* 2013 WL 5435284 (E.D. Mich. 2013).

**I.    This Court Shall Grant Allstate's Motion To Dismiss Plaintiff's Claim Under The Medicare Secondary Payer Act, Under *Bio-Medical*, For The Same Reasons It Did So In *Michigan Spine.***

As this Court explained in *Michigan Spine*, in *Bio-Medical*, the Sixth Circuit analyzed the private cause of action provided for in the Medicare Secondary Payer Act. *Bio-Medical*, 656 F.3d at 284-87. It began by looking to how the private right of action is defined under the Act.

---

[1] Allstate also directs the Court to several decisions from courts outside of the Sixth Circuit that have cited *Bio-Medical* favorably. *Harris Corp. v. Humana Health Ins. Co.*, 253 F.3d 598 (11th Cir. 2001); *Bio-Medical Applications of Georgia, Inc. v. City of Dalton, Georgia*, 685 F.Supp.2d 1321 (N.D. Ga. 2009); and *Pachaly v. Benefits Admin. Comm. Unilever United States, Inc.*, 2013 WL 172993 (D. Conn. 2013).

*Id*. at 284. The Medicare Secondary Payer Act states:

> (A) Private cause of action
> 
> There is a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursements) in accordance with paragraphs (1) and (2)(A).

42 U.S.C. § 1395y(b)(3)(A). The court noted that, by providing for recovery of double damages, the provision is attractive to a healthcare provider like Bio-Medical. *Id*.

"But a private party can recover under this provision **only** if a private plan has failed to provide primary payment or appropriate reimbursement 'in accordance with paragraphs (1) **and** (2)(A).' When does that occur?" *Id.* (emphasis added). The Sixth Circuit then answered that question. In doing so, the court explained:

> When does a primary plan fail to make payment "in accordance with paragraph (1) and (2)(A)"? Determining when a primary plan violates paragraph (1) is easy. A primary plan fails to pay under paragraph (1) by, among other things, "tak[ing] into account" that a planholder is entitled to Medicare benefits after being diagnosed with end-stage renal disease. *See* 42 U.S.C. § 1395y(b)(1)(C)(i). As discussed in Part II above, [defendant] Central States did precisely that by terminating the patient's coverage because of her entitlement to Medicare benefits. But the private cause of action uses the conjunctive: it requires that the primary plan fail to make payment "in accordance with paragraphs (1) *and* (2)(A)." *Id.* § 1395y(b)(3)(A). (emphasis added). The private cause of action, therefore, also apparently requires us to determine when a primary plan fails to pay in accordance with subparagraph (2)(A).

*Id*. at 285.

The court explained that "[t]he challenge with making this determination is that subparagraph (2)(A) only addresses Medicare – not primary plans – as its subject." *Id.* "How can a primary plan fail to make a payment in accordance with subparagraph (2)(A), if that subparagraph only instructs when Medicare, and not primary plans, may or may not make payments? The answer, of course, is that it cannot: it is impossible for one to violate an order

addressed only to someone else." In order to avoid rendering a private cause of action void, the Court construed paragraphs (1) and (2)(A) collectively:

> The solution is to consider paragraphs (1) and (2)(A) collectively, rather than individually. *Paragraph (1) prevents a primary plan from limiting a planholder's benefits or coverage simply because the planholder is entitled to Medicare benefits*, and subparagraph (2)(A) instructs that when a primary plan violates that prohibition and accordingly fails to pay for treatment, Medicare may make a conditional payment for the treatment. *Thus, a primary plan fails to pay "in accordance with paragraphs (1) and (2)(A): when it terminates a planholder's coverage and thereby induces Medicare to make a conditional payment on its behalf – that is, when the primary plan violates the statutory system that these two paragraphs set into motion. Put differently, a primary plan is liable under the private cause of action when it discriminates against planholders on the basis of their Medicare eligibility and therefore causes Medicare to step in and (temporarily) foot the bill.* Our interpretation, in addition to rendering operative all relevant statutory provisions, is eminently reasonable: it permits lawsuits against the primary plans that performed the precise actions that the Act condemns.

*Id*. at 286-87 (emphasis added).

The court concluded that a private cause of action existed in *Bio-Medical* because the primary plan terminated the insured's coverage "due to her Medicare entitlement (in violation of the Act)." *Id*.

Here, like the situation presented in *Michigan Spine*, Plaintiff does not allege that the defendant insurer denied her claims due to the fact that she was eligible for Medicare.[2]

Thus, as was the situation in *Michigan Spine*, unless Plaintiff can identify how the defendant insurer violated a specific provision of (1)(A) – which she has not done – she cannot

---

[2]Plaintiff has not filed a motion seeking leave to file a Second Amended Complaint. Nevertheless, Allstate asserts that "While it is not relevant for purposes of this Motion, Allstate submits that Plaintiff did not allege this because she knows full well that her eligibility for Medicare was not the reason for Allstate's claim decision, and Plaintiff will therefore not be able to allege this basis for a private cause of action under the MSP, consistent with Rule 11, if given leave to amend." (Def.'s Br. at 13 n.2).

pursue a private cause of action under the interpretation of the Act by the Sixth Circuit in *Bio-Medical.* As noted in *Bio-Medical*, the "first three subparagraphs of paragraph (1) prevent group health plans from "taking into account" that a planholder is entitled to Medicare benefits due to being: (a) at least sixty-five years old, (b) disabled, or (c) diagnosed with end-stage renal disease." *Bio-Medical*, 656 F.3d at 285. There are other subparagraphs but, as was the case in *Michigan Spine*, they have no application here (e.g., treatment of certain members of religious orders).

In *Bio-Medical*, the Sixth Circuit held that a "private party can recover under this provision **only** if a private plan has failed to provide primary payment or appropriate reimbursement 'in accordance with paragraphs (1) and (2)(A).'" *Bio-Medical,* 656 F.3d at 285 (emphasis added). Gusmano has not alleged that Allstate has done so. Accordingly, this Court shall GRANT Allstate's Motion to Dismiss Count II.

**II.  Given That This Court Is Dismissing The Only Federal Claim In This Action, The Court Shall Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State-Law Claims Asserted In Count I And Shall Remand This Action To State Court.**

Given that this Court is dismissing the only federal claim in this action, which was removed to this Court based solely upon federal question jurisdiction, the Court must consider whether it should exercise supplemental jurisdiction over the remaining state-law claims (Count I of Plaintiff's First Amended Complaint).

It is well-established that a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state law claims. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Residual jurisdiction should be exercised only in cases where the

interests of judicial economy and the avoidance of multiplicity of litigation clearly outweighs the concern over needlessly deciding state-law issues.  *Moon*, 456 F.3d at 728.  This is not such a case.  The Court shall therefore decline to exercise supplemental jurisdiction over Plaintiff's remaining claims and shall remand this action to state court.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint is GRANTED and Count II is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that this Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's remaining state-law claims and this action is hereby REMANDED to Wayne County Circuit Court.

IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated:  November 21, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 21, 2013, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager